IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK COLLINS, INC., a California Corporation,

    Plaintiff,

vs.

JOHN DOES 1 through 17,

    Defendants.

No. 2:12-cv-01453 KJM DAD

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

/

    In this action plaintiff alleges that Doe defendants 1 through 17 infringed on its copyright with respect to a pornographic motion picture, the graphic titles of which is identified in plaintiff's complaint.  Specifically, plaintiff alleges that in the course of monitoring Internet-based infringement of its copyrighted content, its agents observed unlawful reproduction and distribution of the subject motion pictures by the 17 Doe defendants via the Bit Torrent file transfer protocol.  Although plaintiff does not know the names of the Doe defendants, its agents created a log identifying the Doe defendants by their IP addresses and the dates and times of their alleged unlawful activity.  The IP addresses, internet service providers ("ISPs"), and dates and times of the alleged unlawful activity by the 17 Doe defendants are identified in an exhibit to plaintiff's complaint.

/////

Plaintiff has filed an ex parte application for expedited discovery to serve Rule 45 subpoenas on the ISPs to obtain the names, addresses, telephone numbers, e-mail addresses and Media Access Control ("MAC") address of the 17 Doe defendants. With respect to the requested expedited discovery as to Doe 1, the court finds plaintiff has shown good cause to conduct expedited discovery and the request will be granted.[1] With respect to the remaining Doe defendants, however, it appears that plaintiff's joinder of unrelated defendants is improper under Federal Rule of Civil Procedure 20. Given the technical complexities of BitTorrent swarm functions,[2] it appears unlikely that the 17 Doe defendants engaged in any coordinated effort or

---

[1] Plaintiff, however, does not address the relevance of the MAC address or how it will aid plaintiff in discovering the identity of any Doe defendant. Moreover, because plaintiff will be provided with the name, address and email address of Doe 1, the court finds that there is not good cause at this time to authorize plaintiff to obtain the telephone number of Doe 1. Accordingly, the court finds that plaintiff has not shown good cause for an order authorizing the production of the MAC addresses or telephone number of any Doe defendant and plaintiff's request for an order authorizing it to subpoena the MAC addresses or telephone number of any Doe defendant will therefore be denied without prejudice.

[2] The BitTorrent protocol has been summarized as follows:

> In the BitTorrent vernacular, individual downloaders/distributors of a particular file are called "peers." The group of peers involved in downloading/distributing a particular file is called a "swarm." A server which stores a list of peers in a swarm is called a "tracker." A computer program that implements the BitTorrent protocol is called a BitTorrent "client."
>
> The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to the peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

Diabolic Video Prods., Inc. v. Does 1-2099, No. 10-cv-5865-PSG, 2011 WL 3100404 at *1-2 (N.D. Cal. May 31, 2011).

concerted activity. See, e.g., Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI, 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) ("Because Doe defendants 2-60 were improperly joined in the matter, the Court is authorized under Rule 21 to 'drop' these defendants.") Under these circumstances, permissive joinder under Federal Rule of Civil Procedure 20(a)(2) is not warranted.[3] See Third Degree Films, Inc. v. Does 1-131, 280 F.R.D. 493, 495-500 (D. Ariz. 2012) (Surveying the various approaches to such cases and discovery requests taken by district courts around the country, determining that the joinder question should be addressed sua sponte at the outset of the litigation and ultimately dismissing Does 2 through 131 without prejudice and

---

[3] The court has additional concerns regarding plaintiff's request for expedited discovery. A great number of similar cases have been filed in the past several months in this and other District Courts, many of which appear to be simply using the federal courts as an avenue to collect money. As one judge aptly observed:

> The Court is familiar with lawsuits like this one. [Citations omitted.] These lawsuits run a common theme: plaintiff owns a copyright to a pornographic movie; plaintiff sues numerous John Does in a single action for using BitTorrent to pirate the movie; plaintiff subpoenas the ISPs to obtain the identities of these Does; if successful, plaintiff will send out demand letters to the Does; because of embarrassment, many Does will send back a nuisance-value check to the plaintiff. The cost to the plaintiff: a single filing fee, a bit of discovery, and stamps. The rewards: potentially hundreds of thousands of dollars. Rarely do these cases reach the merits.
>
> The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to trial. By requiring Malibu to file separate lawsuits for each of the Doe Defendants, Malibu will have to expend additional resources to obtain a nuisance-value settlement – making this type of litigation less profitable. If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it.

Malibu Media, LLC v. John Does 1 through 10, No. 2:12-cv-3623-ODW (PJWx), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012). See also Malibu Media, LLC v. Does 1-5, No. 12 Civ. 2950(JPO), 2012 WL 2001968 at *1 (S.D. N.Y. June 1, 2012) ("This court shares the growing concern about unscrupulous tactics used by certain plaintiffs, particularly in the adult films industry, to shake down the owners of specific IP addresses from which copyrighted adult films were allegedly downloaded.").

1  granting the requested expedited discovery only with respect to Doe defendant 1.)  Accordingly,
2  the court will authorize expedited discovery only as to Doe 1 and recommend that the remaining
3  Doe defendants be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 21.
4  　　　　　Accordingly, IT IS HEREBY ORDERED that:
5  　　　　　1.  Plaintiff's ex parte application and motion for leave to take expedited
6  discovery (Doc. No. 5) is granted in part;
7  　　　　　2.  Plaintiff may immediately serve a Rule 45 subpoena on the ISP Comcast Cable
8  to obtain the following information regarding the subscriber (defendant John Doe 1)
9  corresponding to the IP address 24.23.53.213: *name*, *address*, and *e-mail address*.  The subpoena
10  shall have a copy of this order attached.
11  　　　　　3.  The ISP, in turn, shall serve a copy of the subpoena and a copy of this order
12  upon its relevant subscriber within 30 days from the date of service upon it.  The ISP may serve
13  the subscriber using any reasonable means, including written notice sent to the subscriber's last
14  known address, transmitted either by first-class mail or via overnight service, or by e-mail notice.
15  　　　　　4.  The subscriber and the ISP shall each have 30 days from the respective dates of
16  service upon them to file any motions contesting the subpoena (including a motion to quash or
17  modify the subpoena).[4]  If that period elapses without the filing of a contesting motion, the ISP
18  shall have fourteen (14) days thereafter to produce the information responsive to the subpoena to
19  plaintiff.
20  　　　　　5.  The subpoenaed ISP shall preserve any subpoenaed information pending the

---

22  　　[4]  The subscriber may also, if appropriate, elect to file a motion requesting leave to proceed in this action anonymously.  See Does I Thru XXII v. Advanced Textile Corp., 214 F.3d
23  1058, 1067-68 (9th Cir. 2000) (holding that in "the unusual case" a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for
24  anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."); see also Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL
25  5362068, at *4-5 (N.D. Cal. Nov. 4, 2011).  Any such motion, however, would be separate and apart from any motion by the subscriber or the ISP contesting the subpoena itself by seeking to
26  quash or modify it.

production of the information to plaintiff and/or the resolution of any timely-filed motion contesting the subpoena.

6. The ISP that receives a subpoena pursuant to this order shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.

7. Any information disclosed to plaintiff in response to a Rule 45 subpoena may not be used for any improper purpose and may only be used for protecting plaintiff's rights as set forth in the Complaint.

8. Plaintiff's request for an order authorizing plaintiff to subpoena the Media Access Control address of any Doe defendant is denied without prejudice.

9. Plaintiff's request for an order authorizing plaintiff to subpoena the telephone number of any Doe defendant is denied without prejudice.

In addition, IT IS HEREBY RECOMMENDED that Does 2-17 be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1/orders.civil/patrickcollins1453.expdisc.f&rs